O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA S. E.,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. 2:19-cv-01574-KES<br><br>MEMORANDUM OPINION AND ORDER |

**I.**

**PROCEDURAL BACKGROUND**

Plaintiff Alicia S. E. ("Plaintiff") applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging disability since December 9, 2015. Administrative Record ("AR") 241, 243.

On February 20, 2018, an Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by an attorney, appeared and testified, as did a vocational expert ("VE"). AR 128-49, 176-80. On February 26,

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

2018, the ALJ issued an unfavorable decision. AR 105-09. The Appeals Council denied review. AR 1-4.

The ALJ found Plaintiff not disabled at step one of the five-step sequential evaluation process, because there was no continuous 12-month period during which Plaintiff had not engaged in substantial gainful activity ("SGA"). AR 108-09.

Plaintiff, who is prosecuting this appeal pro se, filed a motion for judgment on the pleadings. (Dkt. 14.) Defendant Commissioner of Social Security ("Defendant") opposed the motion. (Dkt. 15.) The Court conducted a hearing on September 24, 2019, at which time Plaintiff lodged additional medical evidence. (Dkt. 16.)

## II.
## ISSUE PRESENTED

The sole issue presented is whether substantial evidence supports the ALJ's SGA-related findings at step one.

## III.
## LEGAL STANDARDS

### A. Standard of Review.

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial

evidence supports a finding, the district court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

**B. The Five-Step Sequential Evaluation Process.**

The ALJ follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity to perform his past work; if so, the claimant is not disabled and the claim must be

denied. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden of proving he is unable to perform past relevant work. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets that burden, a prima facie case of disability is established. Id.

If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. Id. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

## IV.
## DISCUSSION

### A. Relevant Definitions.

Disability is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a). At the first step of the five-step disability analysis, an ALJ must determine if the claimant was engaging in SGA; if so, the claim will be denied without consideration of the medical evidence. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b). SGA is defined as "work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The primary consideration for determining whether work qualifies as substantial gainful activity is the earnings derived from the work. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1). The Commissioner publishes a table listing the monthly earnings that constitute substantial gainful activity for each calendar year. See http://www.ssa.gov/OACT/COLA/sga.html (last visited November 5, 2019). "[T]here is a presumption of substantial gainful employment if

the applicant earns over the amount specified in the guidelines." Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir. 1990).

### B. Summary of the Relevant Evidence and the ALJ's Findings.

Plaintiff testified at the hearing that she had a four-year college degree and a certificate in paralegal studies. AR 133. She worked providing in-home support services from 2010 to 2017 (i.e., well past the alleged disability onset date of December 9, 2015). AR 137. That work involved assisting patients with cleaning, errands, laundry, hygiene tasks, and transportation. AR 139, 145. She last worked on December 31, 2017. AR 133. She stopped working in in-home support services because of back pain and fatigue. AR 139.

She testified that throughout 2017, she worked part-time, i.e., 77 hours/month. AR 133-35. Her hourly rate varied between about $10/hour and $11.65/hour, and she estimated that she made about $800/month in 2017. AR 135. That estimate (about $2,400/quarter) is in the ballpark of what her quarterly earnings records show for the first three quarters of 2017. See AR 270 (showing quarterly earnings of $2,807, $2,574, and $2,709.) Those records, however, also show a separate entry for $8,173 as "wages paid" in the third quarter of 2017. AR 269.

When asked about this at the hearing, Plaintiff explained that this was "back pay" for work she had performed earlier in 2017. AR 135-36. At the district court's hearing on this case, Plaintiff repeated that explanation; she did not argue that there was a mistake or that she had not performed work in 2017 commensurate with the wages shown in the earnings records.

Ultimately, Plaintiff's earnings records show that she received the following wages during the years in her claimed period of disability:

| Year | Record | Yearly Earnings | Average Monthly Earnings |
|---|---|---|---|
| 2015 | AR 262, 273 | $23,470.52 | $1,955.88 |
| 2016 | AR 262, 273 | $19,038.64 | $1,586.55 |

5

| | | | |
|---|---|---|---|
| 2017 | AR 273 | $18,836.88[2] | $1,569.74 |

The ALJ cited the earnings record summarized in the table above and concluded that these amounts qualified as SGA. AR 108. The ALJ decided Plaintiff's claim through February 26, 2018 – just two months after Plaintiff stopped engaging in substantial gainful activity. AR 109. Thus, the ALJ determined that "[t]here ha[d] been no continuous 12-month period during which [Plaintiff] ha[d] not engaged in substantial gainful activity." AR 109.

## C. Analysis of Claimed Error.

Substantial evidence supports the ALJ's finding that there was no continuous period of 12 months between December 2015 and February 2018 during which Plaintiff did not engage in SGA. See http://www.ssa.gov/OACT/COLA/sga.html (monthly minimum income for non-blind disability applicants for 2015 was $1,090; for 2016 was $1,130; and for 2017 was $1,170). Plaintiff's average monthly earnings in these three years exceed those amounts. That she worked part-time does not change this conclusion. See Katz v. Sec'y of Health & Human Servs., 972 F.2d 290, 292 (9th Cir. 1992) ("This court has held that part-time work may be enough to find SGA."); 20 C.F.R. §§ 404.1572(a), 416.972(a) (noting that work may be substantial even if done on part-time basis). Nor has the Court found any authority suggesting that the fact that Plaintiff received a "lump sum" of backpay for past months of work—a lump sum that, averaged out over the year, took her over SGA levels—would change the SGA calculation. Social Security regulations explain how the Social Security Administration averages earnings to calculate SGA. See 20 C.F.R. § 404.1574a.

---

[2] If one adds the quarterly earnings for the first three quarters of 2017 found at AR 269-70, then the yearly total is $16,263 (which is on average $1,355.25 per month). Presumably, the difference is the amount Plaintiff earned in the final quarter of 2017. See AR 133-34 (Plaintiff testifying that she made about $880 a month in October, November, and December 2017).

Those regulations provide that if Plaintiff's "work as an employee . . . was continuous without significant change in work patterns or earnings, and there has been no change in the substantial gainful activity earning levels," the SSA averages "earnings over the entire period of work." 20 C.F.R. § 404.1574a. Thus, had Plaintiff earned a one-time, unusual amount of $9,000 in the third quarter of 2017 from a different employer, the ALJ might have averaged her earnings differently. Instead, the one-time payment was "back pay"—i.e., pay for work that Plaintiff had done over months in 2017 that she had been owed but not paid. See Social Security Regulation 83-35, 1983 WL 31257, at *1 ("Earnings are generally averaged over the actual period of time in which work was performed." (emphasis added)). From Plaintiff's testimony and earning records, it appears that her work in in-home support services was continuous without significant change in work patterns or earnings. The ALJ therefore appropriately averaged her monthly earnings out over the entire year.

Plaintiff argues that her former disability attorney told her that she was required to work part-time to apply for disability benefits. (Dkt. 14 at 3.). Even assuming this is true, that Plaintiff received inaccurate legal advice does not change the fact that she was apparently capable of SGA during the relevant time period, contrary to her claim of disability.

Because the ALJ's analysis stopped at step one, there is no need to consider the additional medical evidence presented by Plaintiff.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner.

Nothing in this Order precludes Plaintiff from filing a new application for benefits for some time period(s) after February 26, 2018.

DATED: November 06, 2019

_____
KAREN E. SCOTT
United States Magistrate Judge